[Civ. No. 3669.  Second Appellate District, Division One.—February 16, 1922.]

GARY SOUTH COAST AGENCY (a Corporation), Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—DRIVING TRUCK ACROSS STREET-CAR TRACKS—FAILURE TO OBSERVE APPROACHING CAR—DAMAGE—CONTRIBUTORY NEGLIGENCE.—As a matter of law it cannot be said that the driver of a vehicle, crossing a street upon which the cars of a railway are being operated, can do so without looking in either direction to observe the approach of a car and be free from the charge of contributory negligence in the event that damage results from his act.

[2] ID.—EXCESSIVE SPEED OF STREET-CAR—FAILURE OF TRUCK DRIVER TO MAKE OBSERVATION OR HEED WARNING.—The fact that the cars of such railway are exceeding the speed limited by the city ordinance will not excuse the driver of a truck from the duty to at least look in the direction from which cars might be expected to approach, or to heed the warning given by the sound of the gong being rung at the time.

---

1. Duty to look and listen before crossing tracks of electric road, notes, 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S). 1224.

2. Operation of street-car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence, notes, 9 Ann. Cas. 840; Ann. Cas. 1913E, 1100; 8 L. R. A. (N. S.) 1093.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. E. Spencer for Appellant.

Frank Karr, R. C. Gortner and W. R. Millar for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the defendant denying the prayer of the plaintiff for damages. The complaint alleged that while a motor-truck belonging to the plaintiff was traveling across the tracks of the defendant at a street intersection in the city of Los Angeles, a car of the defendant collided with the truck, causing damage in an amount stated. It was alleged that the collision was caused by the negligence and carelessness of defendant in operating the street-car. The answer denied the charge of negligence and affirmatively alleged that the damage, if any, which plaintiff claimed, was proximately caused by the negligence of plaintiff's employees in the operation of the truck. It was stipulated in the course of the trial that an ordinance of the city of Los Angeles prohibited the running of street-cars at a greater speed than twelve miles per hour. The trial court found that the defendant was not negligent "except that it did operate the same [meaning the car] at a speed of about twenty-five miles per hour, in violation of the ordinance of said city of Los Angeles prohibiting a greater speed than twenty miles per hour." The finding further was that the defendant gave ample warning of the approach of the car by sounding a gong thereon and that the car was plainly visible to the servants of the plaintiff "driving said truck, upon entering said intersection and before reaching said tracks of defendant." Upon the defense of contributory negligence the finding was made that the servants of the plaintiff were negligent and careless in operating the truck in not looking toward the car of the defendant or "heeding the approach thereof, or heeding the warning of its approach given by the ringing of its gong, and thereby directly and proximately contributed by their negligence to the collision which

thereupon ensued.'' It will be noted that the court found that the ordinance of the city of Los Angeles prohibited a greater speed than twenty miles per hour, while the fact had already been stipulated that such ordinance prohibited a speed in excess of twelve miles per hour. The error was unintentional, no doubt, but it affords the appellant ground for insisting that the conclusion of the court as to negligence of the plaintiff might have been different had the true terms of the ordinance been expressed in the findings. The second contention is that the evidence does not sustain the finding of contributory negligence. The evidence was conflicting as to the speed at which the street-car was being operated, and as to the actions of the driver of the truck. Considering, as we must, that evidence which tends to support the findings of the court, it appears in the record by the testimony of certain passengers who were riding on the street-car, and who observed the truck, that the driver thereof did not look in the direction of the car at all as it approached the street intersection, but drove directly forward, intent upon crossing the street upon which the street-car tracks were, until he had advanced directly in the pathway of the car. There was testimony that the motorman had been ringing the gong on the car for some distance before he reached the street intersection. The evidence was sufficient to support the findings made by the trial court and to establish the charge of contributory negligence. The question as to whether in the circumstances either the motorman or the driver of the truck acted with ordinary caution was one for the trial judge to decide. [1] As a matter of law it cannot be said that the driver of a vehicle, crossing a street upon which the cars of a railway are being operated, can do so without looking in either direction to observe the approach of a car and be free from the charge of contributory negligence in the event damage results from his act. The cases cited by appellant relate to a different situation and, in our opinion, are not applicable to the facts as they are here disclosed. Nor do we think that the mistake of the court in misstating the terms of the city ordinance can be said to amount to prejudicial error. The court did find that the car was traveling at five miles per hour in excess of the speed as limited under the finding, and plainly intended to determine that the defendant was in that respect

negligent. **[2]** However, whether the speed limited by the ordinance was exceeded five or fifteen miles per hour would not have excused the truck driver from the duty to at least look in the direction from which cars might be expected to approach, or to heed the warning given by the sound of the gong which the court found was being rung at the time.

No error is presented justifying an order of reversal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1922.

All the Justices concurred, except Sloane, J., and Shurtleff, J., who were absent.

Richards, J., *pro tem.*, was acting for Waste, J., who was absent.